> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 14, 2024
Decided June 21, 2024

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*



No. 23-2655

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>v.<br><br>GUSTAVO REYES,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 3:23-cr-00039-001<br><br>William M. Conley,<br>*Judge*. |

### O R D E R

Over a five-year period, Gustavo Reyes concealed and underreported his income from two drywall installation businesses that he owned. In 2023, he pleaded guilty to attempted tax evasion, *see* 26 U.S.C. § 7201, and was sentenced within the Guidelines to 18 months' imprisonment and 3 years' supervised release. He was ordered to pay $557,907.19 in restitution to the Internal Revenue Service and a $100 special assessment. Reyes appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We notified Reyes of

Case: 3:23-cr-00039-wmc   Document #: 42-1   Filed: 07/15/24   Page 2 of 3
Case: 23-2655   Document: 00714408339   Filed: 07/15/2024   Pages: 3

No. 23-2655                                                                                           Page  2

counsel's motion, and he did not respond. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would typically involve. Because counsel's analysis appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We grant the motion and dismiss the appeal.

Counsel first tells us that he advised Reyes about the risks and benefits of challenging his guilty plea, and counsel reports that Reyes wishes to challenge only his sentence. Counsel therefore properly forgoes discussing whether the plea was valid. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Reyes could raise a nonfrivolous challenge to the district court's guidelines calculations but rightly rejects such a challenge as frivolous. The court correctly calculated his guidelines range at 18 to 24 months, based on a total offense level of 15 and a criminal history category of I. And the court's 18-month sentence did not exceed § 7201's 5-year statutory maximum.

Counsel also correctly concludes that Reyes could not raise a nonfrivolous argument that his sentence is substantively unreasonable. We presume that a sentence within the applicable guidelines range is reasonable. *See United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018). Counsel does not identify a reason to challenge that presumption, and we discern none. The court appropriately evaluated the relevant § 3553(a) factors, especially the nature and circumstances of the offense (an escalating effort to avoid paying taxes, first, through repeated lies to the IRS and, later, through use of dummy corporations to evade the IRS's collection efforts); the need to promote respect for the law (Reyes repeatedly "flout[ed]" the law by refusing to pay his taxes and ignoring the IRS); and Reyes's personal history and characteristics (his minimal criminal history, his active community involvement, and his positive role as a father and husband).

Counsel also properly concludes that Reyes could not raise any non-frivolous arguments regarding the other parts of his sentence. Reyes's 3-year term of supervised release was amply justified by the court's § 3553(a) analysis, *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016), and did not exceed the statutory maximum, *see* 18 U.S.C. § 3583(b)(2). Further, Reyes waived his right to challenge the conditions of supervised release because he confirmed at the sentencing hearing that he did not object to the proposed terms. *See United States v. Anderson*, 948 F.3d 910, 910–11 (7th Cir. 2020).

In addition, the special assessment was required by statute, *see* 18 U.S.C. § 3013, and the restitution amount was set forth in Reyes's plea agreement.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.